NOT FOR PUBLICATION                                                                                          CLOSED

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOHN GREEN, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 11-1152 (JAP) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| JUDGE PAUL ENDLER, CHIEF JUSTICE STUART RABNER, JUDGE GLENN A. GRANT, JUDGE CHRISTINE HEITMANN, PROSECUTOR JEREMY SOLOMON, PROSECUTOR ARVIN AITHAL, PROSECUTOR SPERO KALAMBAKAS | : | |
| | : | |
| Defendants. | : | |

PISANO, District Judge.

This is an action brought by John Green ("Green" or "Plaintiff") against Judges Paul Endler and Christine Heitman of the East Brunswick Municipal Court, Chief Justice Stuart Rabner of the Supreme Court of New Jersey, Judge Glenn A. Grant of the Appellate Division of the Superior Court of New Jersey, and East Brunswick Municipal Court prosecutors Jeremy Solomon, Arvin Aithal and Spero Kalambakas. Presently before the Court are two Motions to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 8(a), one submitted by Judges Endler and Heitman along with the three municipal court prosecutors, and the other submitted by Chief Justice Rabner and Judge Grant. Plaintiff opposes the Motions. Also before the Court is Plaintiff's Motion to Amend his complaint. The Court decides these matters without

oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons that follow, this case shall be dismissed with prejudice.

## I. Background

This action arises from a speeding ticket issued to the Plaintiff in East Brunswick, New Jersey, on September 8, 2008.  Plaintiff chose to represent himself at trial rather than accepting his fine, was found guilty of speeding, and was issued a higher fine than his original ticket, plus court costs.  (Compl. ¶¶ 10-13, 26, 34.)  Green appealed, alleging problems with discovery and evidence, and claiming that issuance of a higher fine after trial than at a plea bargain unlawfully penalized him for exercising his right to a trial.  The municipal court decision was affirmed in the Superior Court, Law Division.  (*Id.* at ¶ 35.)  The Appellate Division reversed and remanded the matter, stating that the trial judge had erroneously denied certain discovery requests and excluded certain evidence regarding the applicable speed limit.  *State v. Green*, 417 N.J. Super. 190, 201-09 (N.J. Sup. Ct. App. Div. 2010).  The court also noted Green's claim that the difference in fines interfered with his constitutional right to a trial, stating that it was without merit.  *Id.* at 209.

Green filed the instant action on March 7, 2011.  He has sued the Defendants in both their individual and official capacities.  Green claims that the Defendant municipal court judges and prosecutors violated his rights under the Fifth and Fourteenth Amendments.  For the prosecutors, the claims are based on their refusal to turn over certain objects that he requested in discovery, and their objections to certain evidence.  (Compl. ¶¶ 53-87).  Green's claims against the two municipal court judges are based on their denials of his discovery requests.  (*Id.* at ¶¶ 88-119.).  The claims against Judge Grant and Chief Justice Rabner are based on their positions as Acting Director of the Administrative Office of the Courts and as the administrator of the New Jersey

court system, respectively.  Plaintiff does not allege specific misdeeds against Judge Grant and Chief Justice Rabner, but holds them responsible as policymakers for what he believes is an unconstitutional differentiation between traffic violators who pay their fine, and those who choose to go to trial.  (*Id.* at ¶¶ 125-43.)  Plaintiff seeks declaratory and injunctive relief against the "policies, practices and acts" complained of and the "unequal treatment of people that ask to appear before a judge." (*Id.* at 11.)  He also seeks compensatory damages of $966 for his court costs, and punitive damages of $40,000.  (*Id.*)

Judge Grant and Chief Justice Rabner base their Motion to Dismiss on lack of subject matter jurisdiction pursuant to Rule 12(b)(1), arguing that this Court is barred from hearing Green's case due to both the *Rooker-Feldman* doctrine and the Eleventh Amendment.  The municipal court defendants move to dismiss the case based on failure to state a claim pursuant to Rule 12(b)(6), because they are each entitled to absolute judicial or prosecutorial immunity.  For the following reasons, the Court finds that it lacks subject matter jurisdiction, and therefore this case must be dismissed with prejudice.

## II.     The *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine is the general principle that lower federal courts lack subject matter jurisdiction to review state court decisions.  *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-83 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *ASARCO Inc. v. Kadish*, 490 U.S. 605, 109 S. Ct. 2037 (1989).  Only the United States Supreme Court is vested with that authority.  *Feldman*, 460 U.S. at 482-86.  Even if the plaintiff alleges that the state court action was unconstitutional, he may not appeal to the lower federal courts. *Feldman*, 460 U.S. at 486.  "[A] party losing in state court is barred from seeking what in

substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06, (1994).

The doctrine encompasses indirect attempts to undermine a state court decision. For example, plaintiffs may not pursue new federal claims with allegations that are "inextricably intertwined" with a state court decision. *Feldman*, 460 U.S. at 486; *Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir. 1992). A federal claim is inextricably intertwined if "the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring). The Third Circuit has also made clear that the doctrine applies to lower state court rulings that have not yet been upheld in the highest state court. *Port Authority Police Benev. Ass'n, Inc. v. Port Authority of New York and New Jersey Police Dept.*, 973 F.2d 169, 177 (3d Cir. 1992).

Based upon the law detailed above, this Court clearly lacks jurisdiction over Green's complaint. The Court need not analyze whether or not it is "inextricably intertwined" with the state court decision in *State v. Green*, 417 N.J. Super. 190, because Green has brought nearly identical claims based upon the exact same events that were litigated in that case. The only meaningful difference between the two actions is that in state court, Green was a defendant appealing his own conviction of speeding, whereas in this action he has sued the municipal and state court officials who prosecuted and presided over the case against him. The allegations of discovery and evidence errors have already been addressed in *State v. Green*, and in fact, Green significantly prevailed on those issues in his state-court appeal. The matter was reversed and remanded. *Id.* at 200-06 (describing trial judge's errors in denying certain of Green's discovery requests); *id.* at 206-09 (discussing trial judge's error in failing to conduct an evidentiary

hearing). The state court also addressed Green's claim that he was penalized for taking his case to trial as follows:

> When a judge exercises his discretion to sentence a defendant within a sentencing range, he is not limited to the fine that may have been required when a defendant pleads guilty. The latter amount is set without regard to the defendant's driving record, which is a factor, among others, that are considered by a judge in determining the appropriate sentence after trial within the sentencing range, which may be higher, lower, or equal to the fine imposed when a defendant pleads guilty. See N.J.S.A. 39:4-104 (fine between $ 50 and $ 200). In taking this case to trial, defendant accepted the risk that the judge would impose a fine that was not equal to what he would have paid had he pled guilty.

*State v. Green*, 417 N.J. Super. at 209. The proper way to address any perceived deficiencies in this or other rulings of the Appellate Division is to appeal to the state's highest court. Contrary to Green's assertion, this also applies to the state court's finding that some of his claims were moot. *Id.*

Two of the Defendants took no part in the state's case against Green or in his appeal: Chief Justice Rabner and Judge Grant. This does not change the outcome of the instant Motions. It is true that the *Rooker-Feldman* doctrine does not preclude district courts from presiding over challenges to rules promulgated by state courts in non-judicial proceedings which do not "require review of a final state-court judgment in a particular case." *Feldman*, 460 U.S. at 484-86. However, even though Green purports to sue Judge Grant and Chief Justice Rabner in their capacities as administrators rather than as judges, he has failed to challenge any specific rule or policy they have promulgated. He has spuriously connected them to his own case by suggesting that they are responsible for the unfairness permeating the entire New Jersey judiciary. Because Green has not alleged any specific errors committed by Justice Rabner and Judge Grant, he apparently believes that they can be held vicariously liable for the alleged errors committed by municipal court judges and prosecutors. Thus, exercising jurisdiction over Green's claims

against Judge Grant and Judge Rabner would clearly "require review of a final state-court judgment in a particular case." *Id.* at 486.  The Plaintiff may not escape the *Rooker-Feldman* doctrine by vaguely claiming that the entire judicial system is to blame and erroneously adding the administrators of that system as defendants.

Finally, the Court briefly notes that the Defendants' arguments for dismissal based on judicial immunity, prosecutorial immunity, or Eleventh Amendment sovereign immunity likely have merit.  However, these arguments need not be addressed where the Court is so clearly deprived of subject matter jurisdiction in the first instance by the *Rooker-Feldman* doctrine.

### III.   Conclusion

For the reasons stated above, both Motions to Dismiss shall be granted, and this case shall be dismissed for lack of subject matter jurisdiction.  Plaintiff's Motion to Amend his complaint does nothing to correct the jurisdictional bar discussed above, and in fact bears little relation to any of the issues raised by Defendants' Motions to Dismiss.  Therefore, the Motion to Amend is denied as futile.  An appropriate Order follows.

/s/ Joel A. Pisano<br>
JOEL A. PISANO<br>
United States District Judge

Dated: December 13, 2011